## R. S. TOBIN v. STATE.

No. A-193.   Opinion Filed Dcember 3, 1910.

(111 Pac. 981.)

ANIMALS—Death by Disease—Failure to Bury—Information. In prosecutions for violation of section 212, Snyder's Comp. Laws Okla., 1909, the information must allege, and the state must prove, that 24 hours elapsed after the defendant had notice of or knew that a domestic animal had died of disease before said owner can be convicted for failing to bury or burn the carcass of said animal.

(Syllabus by the Court.)

*Appeal from Pontotoc County Court; Joel Terrell, Judge.*

R. S. Tobin was prosecuted for failing to bury or burn the carcass of an animal dying of an infectious disease. From an order overruling a demurrer to the information, defendant appeals. Reversed and remanded.

*Stone & Maxey,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE.   First. The prosecution in this case was instituted under section 212, Snyder's Comp. Laws Okla. 1909, which section is as follows:

"It shall be the duty of every owner of every domestic animal in the state of Oklahoma, which may hereafter die of any contagious or infectious disease, either to burn the carcass thereof or bury the same within twenty-four hours after he had notice or knowledge of such fact so that no part of such carcass shall be nearer than two and one-half feet of the surface of the soil; provided, that all hogs, dying of any disease shall be burned. It shall be unlawful to bury any such carcass as mentioned in this section in any land along any stream or ravine, where it is liable to become exposed through erosion of the soil, or where such land is at any time subject to overflow. Owner, as used in this act, shall mean and include any person having domestic animals in his possession, either by reason of ownership, rent, hire, loan, or otherwise, and shall be subject to all the pains and penalties of this act. (L. 1907-08 p. 21.)"

The defendant demurred to the information upon the ground that it failed to allege facts sufficient to constitute an offense against the law. The demurrer was overruled by the court, to which the defendant duly excepted. In this there was error. The charging part of the information is that "the defendant did then and there unlawfully and wilfully and knowingly omit, fail, and neglect to burn or bury the carcass of said domestic animal, within 24 hours after the death of same." The statute provides that, in a case of hogs dying of any disease, the carcass shall be burned within 24 hours after the owner has notice or knowledge of the fact that said hog had died of disease. The information charged the defendant with having failed to bury or burn the carcass of the hog within 24 hours after its death. It did not charge an offense against the law. The owner must have notice or have known for 24 hours that the hog had died from some disease. He may not get this notice until some time after the death of the animal, but under the statute he would not be guilty of an offense until after the expiration of the 24 hours from the time when he had notice or knowledge of the fact that the hog had died, and also notice that it died from disease. The court therefore erred in overruling the demurrer to the information.

Second. The court charged the jury as follows:

"Should you find from the evidence that the defendant permitted a domestic animal belonging to him which had died from any disease to remain unburied or burned for 24 hours, then you will convict the defendant. Excepted to by defendant."

To this instruction the defendant reserved an exception. This instructions is radically wrong, as it required the jury to convict the defendant without reference to the question of notice or knowledge that the hog had died of disease. This charge is further erroneous, in that it would have required the jury to acquit the defendant if they found that the hog had been buried. This is not the law. The law is that hogs dying from disease must be burned within 24 hours after the owner has had notice of such death of such animal from disease. As this case may be tried again, we

will not discuss the testimony. We deem it proper to say that the Attorney General has confessed error in this cause.

For the errors herein pointed out, the judgment of the lower court is reversed, and the case is remanded, with directions to the lower court to set aside the conviction and sustain the demurrer to the information.

DOYLE and RICHARDSON, JUDGES, concur.